UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN BODDISON,
DARR HAWTHORNE,
RUSTY ROBINSON,
CORRINA KORNGIEBEL,
TYLER FARMER,
NICOLE PARFINOVICS, and
JOSEY WOOD, individually and
on behalf of all others similarly situated,

      Plaintiffs,

v.                                              No. 8: 20-cv-2139-WFJ-AEP

GENERAL MOTORS LLC, a Delaware
limited liability company,

      Defendants.
_____/

## ORDER DENYING PARTIAL MOTION TO DISMISS

These matters come before the Court upon GM's partial Motion to Dismiss (Doc. 59) the Second Amended Complaint (Doc. 55). GM seeks to dismiss Counts 2, 3, 8, 9 13, and 14. After careful consideration and a lengthy hearing, the Court denies the motion. That is not to say that all or many of these causes of action will survive—that *is* to say that Plaintiffs have stated causes of action which are plausible, and Plaintiffs should have an opportunity to prove these claims if they

can. The Court addresses below each count that is the subject of the Motion to Dismiss.

In considering these counts, the Court applies the familiar *Twombly-Iqbal* standard, which requires the complaint to contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court recounted the factual underpinnings of the case in its previous order dismissing the First Amended Complaint, *see* Doc. 51, and will not repeat them here. The factual allegations will be accepted as true and all reasonable inferences from those facts will be drawn in the light most favorable to Plaintiffs. *Id.* (citing *Twombly*, 550 U.S. at 555).

***Count 2: Florida Breach of Implied Warranty.*** Count 2 is Ms. Boddison's claim for breach of an implied warranty of merchantability under Fla. Stat. §§ 672.314 and 680.212. Florida law requires privity to recover damages for a breach of an implied warranty. *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005). Boddison does not have direct privity with GM, but bought her new car through a GM dealership, Cox Chevrolet. Although light on details, Count 2 alleges that Boddison has privity with GM as a third-party beneficiary of the

GM–dealer contract and through the agency relationship that existed between GM and the dealership from which she purchased her car.

Courts have recognized that a plaintiff can establish privity as a third-party beneficiary. *See Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1233–34 (S.D. Fla. 2014); *Weiss v. Gen. Motors LLC*, 418 F. Supp. 3d 1173, 1183 (S.D. Fla. 2019) (collecting cases). An agency theory may also be a viable way to establish privity. *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325–27 (Fla. 3d DCA 2008). The Court is not prepared to put Ms. Boddison out of court on this claim without giving her a chance to prove privity with the manufacturer of her new vehicle. She should be entitled to try to prove the third-party beneficiary or agency claims.

Having said that, whether Boddison succeeds on either theory is another matter. For a third-party beneficiary claim to succeed, "[t]he contracting parties' intent to benefit the third party must be specific and must be clearly expressed in the contract in order to endow the third party beneficiary with a legally enforceable right." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982–83 (11th Cir. 2005); *see also Hewko v. Genovese*, 739 So. 2d 1189, 1192 (Fla. 4th DCA 1999). Likewise, to establish an agency-based claim, Boddison will need to provide evidence that GM

gave the dealership actual or apparent authority to act on its behalf. *See Ocana*, 992 So. 2d at 326–27.

***Counts 3, 9, and 13: Fraudulent Inducement.*** Count 3 is Ms. Boddison's claim for fraudulent inducement under Florida law. Count 9 is Mr. Robinson's Alabama-law fraudulent inducement claim, and Count 13 is Ms. Parfinovics' similar Arizona-law claim.

GM argues that these fraud-based claims do not satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).[1] But the requirement for more detailed allegations is lessened when, as here, the specific factual information is within the defendant's control. *Hill v. Morehouse Med. Assocs., Inc.*, No. 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003) (per curiam). The claims at this stage are accepted as true and they are plausible. *See* Doc. 55 ¶¶ 33-34, 63–64, and 78–79. This is not a case where a fraud claim alleges something scurrilous or holds a defendant up to ridicule or obloquy and thus must be set out in detail to avoid unjustly impugning a person's character publicly. The claims apprise GM of what is alleged—that GM concealed a material defect and

---

[1] Rule 9(b) provides:

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally.

knowingly sold defective new cars to customers while leading them to believe the cars were otherwise fit for use, and but for the knowing concealment and misleading conduct, no Plaintiff would have bought the defective cars.

GM also contends that the Second Amended Complaint does not plausibly allege that GM had a duty to disclose the alleged defects. Doc. 59 at 13–14. GM states Plaintiffs have not alleged the existence of either a fiduciary duty or "particular circumstances" that prompted a duty to disclose under Florida, Alabama, or Arizona law. *Id.*[2] Plaintiffs cite contrary legal cases. Doc. 63 at 11–12.

These issues—duty to disclose and actual failure of the same—are fact-bound. Suffice it to say the Plaintiffs have alleged that a manufacturer of an expensive new product (which may not be returned by the buyer) was aware of dangerous and sales-killing defects, and hid those defects with materially false statements otherwise. Plaintiffs further allege a partial or incomplete, untrue disclosure, which the law then requires to be corrected in full. Partial inaccurate disclosure, or active concealment, may beget a duty to disclose that otherwise did

---

[2] *See Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003) (noting a duty to disclose when there is a relationship of trust or confidence and that "[w]here a party in an arm's-length transaction undertakes to disclose information, all material facts must be disclosed"); *Dodd v. Nelda Stephenson Chevrolet, Inc.*, 626 So. 2d 1288, 1293 (Ala. 1993) ("A duty to disclose may arise from the particular circumstances of the case, from a confidential relationship, or from a request for information."); *Powers v. Guar. RV, Inc.*, 278 P.3d 333, 340 (Ariz. Ct. App. 2012) ("Generally, a seller does not have a duty to disclose, but certain circumstances may give rise to such a duty. When a buyer inquires about a certain condition, a seller has the duty to disclose all he knows.") (citations omitted).

5

not exist. *See* Restatement (Second) of Torts: Liability for Fraudulent Concealment § 550 (1977), and § 551, Comment *g* (noting a duty to disclose may arise to correct an earlier partial or incomplete disclosure that was potentially misleading).

The parties also disagree as to whether Ms. Boddison's fraudulent inducement claim is barred by the Florida economic loss rule, which precludes recovery of tort damages for a purely economic loss stemming from a breach of contract. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 402 (Fla. 2013). The issue, basically, is whether this cause of action arises independent of a contract. Here, of course, GM disclaims any contract with Ms. Boddison and denies her any contract remedies. And she has alleged sufficient facts to show this count seeks recovery for something arising *prior* to any dispute on a contract, something *other* than contractual terms. According to her, there would have been no contract and no costly and dangerous chattel she is stuck with, and she would have been free from this nettlesome situation entirely—but for GM's fraudulent inducement of her. *See Tiara Condo.*, 110 So. 3d at 406 (recognizing fraudulent inducement as a cause of action not barred by the economic loss rule).

***Count 8: Violation of Alabama Deceptive Trade Practices Act.*** This is Mr. Robinson's claim under the Alabama Deceptive Trade Practices Act. This Act

states that an election to pursue such a cause of action "shall exclude and be a surrender of all other rights and remedies available . . . for fraud, misrepresentation, deceit, suppression of material facts or fraudulent concealment arising out of any act, occurrence or transaction actionable under [the Act]." Ala. Code § 8-19-15(a). GM moves to dismiss, as Robinson has other claims inconsistent with the exclusive nature of this statute, thus waiving a claim under this Act.

Under federal pleading rules, "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2). "A party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Plaintiff Robinson has cited a body of case law involving this Alabama statute that permits alternative pleading and a later election of remedy. Doc. 63 at 16 n.6. In reply, GM cites a contrary case. Doc. 65 at 8 (citing *Holmes v. Behr Process Corp.*, No. 15-CV-0454-WMA, 2015 WL 7252662, at *3 (N.D. Ala. Nov. 17, 2015) (holding alternative pleading not permitted because § 8-19-15 is an exclusive remedy even at the pleading stage)). There is an apparent conflict in the case law on this matter. *See In re Gen. Motors LCC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 405 (S.D.N.Y. 2017) (discussing conflict). The Court believes the strong plurality of cases on point, and the better view, supports following the Rule

8 theme of allowing alternative, even conflicting, claims to be pled at this stage. Although this remedy is exclusive, Plaintiff may pursue it at this time, subject to possible election later.

GM also contends that Count 8 is time barred. It might well be, but the Alabama Supreme Court counsels that under Alabama law determining the accrual date of the statute of limitations for fraud-type claims is normally a jury or fact-based inquiry. *Wheeler v. George*, 39 So. 3d 1061, 1082–83 (Ala. 2009). When Count 8 accrued is fact-based and Plaintiffs win on the facts alleged here due to the procedural posture of this matter. This issue is best illuminated at summary judgment.

***Count 14: Violation of Texas Deceptive Trade Practices Act ("DPTA").*** The final count under consideration is Mr. Wood's claim under the Texas DTPA, found at Texas Business and Commerce Code § 17.46(a). This Act proscribes "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce."

GM seeks dismissal because Mr. Wood's loss stems purely from a breach of contract and is not actionable under this statutory tort. In other words, the economic loss rule bars this claim. Doc. 59 at 17–18. Like with the Florida economic loss rule, the exact parameters or perimeters of the distinction between

contract damages and tort damages can get unclear. This is especially so at this stage, where the real facts are not yet tested and adjudicated. A recent U.S. Fifth Circuit case applying this Texas law, *Shakeri v. ADT Security Services, Inc.*, 816 F.3d 283 (5th Cir. 2016), sought to illuminate these distinctions.

The *Shakeri* opinion suggests Mr. Wood's claim should pass forward to the full battle. *See id.* at 295–296. There the Fifth Circuit noted the clear rule that "[a]n allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA." *Id.* (quoting *Ashford Dev., Inc. v. USLife Real Est. Servs. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983)). "Instead, as with the economic loss rule, the inquiry is whether the alleged unconscionable conduct, 'could have resulted in the absence of a contract between the parties.'" *Id.* at 295 (quoting *Crawford v. Ace Sign., Inc.*, 917 S.W.2d 12, 13 (Tex. 1996) (per curiam)). Wood's claim—at least at this stage—does more than simply allege that "the breach of the contract cause[d] the harm." *Id.* So it will proceed forward.

Accordingly, the partial Motion to Dismiss (Doc. 55) is denied.

**DONE AND ORDERED** at Tampa, Florida, on June 30, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record